# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| KIANA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>CHECKR, INC.,<br><br>    Defendant. | **Civil Case Number:**<br><br><u>**CIVIL ACTION**</u><br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff KIANA SMITH ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant Checkr, Inc. ("Checkr") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## **PRELIMINARY STATEMENT**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Defendant Checkr has produced and sold consumer reports concerning Plaintiff's background that wrongfully reported criminal records regarding Plaintiff that were previously expunged.

6. As a result of Checkr's wrongful reporting, Plaintiff was damaged by, without limitation, suffering harm to her employment qualifications, loss of income, inability to lease a car, and considerable stress and anguish.

## PARTIES

7. Plaintiff is a natural person and resident of the State of North Carolina and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant Checkr, Inc. is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant Checkr is a Delaware

corporation that maintains its primary place of business at 1 Montgomery Street, San Francisco, California 94104. Defendant regularly conducts business in this judicial District and can be served with process by way of its registered agent, Incorp Services, Inc. at 176 Mine Lake Court, Suite 100, Raleigh, North Carolina 27615.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of North Carolina, and violated Plaintiff's rights under the FCRA in the State of North Carolina as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this district, and communications giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

11. Sometime prior to December of 2022, Plaintiff applied for a job with Uber and Lyft.

12. To Plaintiff's disbelief, she was notified that her employment offer was being rescinded due to the results of a background check report furnished by Defendant.

13. Plaintiff was shocked and appalled to learn she was being denied employment for past criminal charges on her background report that had been expunged in September of 2020 and should not have been included on her report.

14. Plaintiff received notices from both Uber and Lyft of their decision to rescind her offer of employment due to the results of her background check, including an updated copy of her report which still included the inaccurate criminal history.

15. As a direct result of Defendant's inaccurate reporting, Plaintiff has been damaged.

16. Because of the inaccurate information provided to Plaintiff's employer by Defendant, Plaintiff's offers for employment with Uber and Lyft were rescinded.

17. As a direct result, Plaintiff has suffered distress and mental anguish induced by the drastic loss of income and the stress from losing out on the benefits and security of a formal employee opportunity; instead, Plaintiff has had to depend on small independent jobs to support herself financially and has additionally been forced to rely on food stamps to sustain herself as a result of this lost opportunity.

18. It is patently inaccurate and/or materially misleading to report Plaintiff's expunged criminal record on her background report because the criminal record no longer exists.

19. Upon information and belief, had Defendant not erroneously and inaccurately reported Plaintiff's former and expunged criminal record on her background report, Plaintiff would not have had her offers of employment with Uber and Lyft revoked.

20. Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

21. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potentially leaving information off a consumer report.

22. For example, upon information and belief, Defendant allowed an expunged, non-existent record to appear on Plaintiff's consumer report without first confirming the accuracy with the actual court records, which are readily and publicly available.

23. Defendant regularly seeks out and procures criminal case information with the intention of including it in the consumer reports it sells for profit.

24. Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

25. Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy.

26. Defendant, a sophisticated employment screening consumer reporting agency, is aware that criminal information is often inaccurate or incomplete.

27. Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile criminal data from various online sources without verifying its accuracy with actual court records.

28. Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

29. Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

30. Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

31. Upon information and belief, Defendant has been sued by consumers under the FCRA in the past for erroneously reporting sealed criminal records.

32. Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

33. Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

34. Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

35. Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information it includes in its consumer reports.

36. It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

37. Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

38. Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

39. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

40. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

41. Defendant knows that its services are used to make significant consumer decisions.

42. Upon information and belief, Defendant knew or should have known that employers make decisions on employment decisions on employment status based solely on the information contained in its consumer reports.

43. Upon information and belief, Defendant knew or should have known the negative impact that reporting another person's criminal record on a consumer's report was likely to have on that consumer's employment status.

44. Upon information and belief, Defendant purchases public record information from third-party vendors.

45. Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

46. Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

47. Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

48. Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

49. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

50. As a direct result of Defendant's conduct, Plaintiff was denied employment with Uber and Lyft.

51. As a direct result of Defendant's conduct, Plaintiff lost out on income from Uber.

52. As a direct result of Defendant's conduct, Plaintiff lost out on income from Lyft.

53. As a further direct result of Defendant's conduct, Plaintiff suffered severe mental distress, including humiliation, embarrassment, and has not been able to secure new employment.

54. As a direct result of Defendant's inaccurate reporting, Plaintiff has suffered actual damages including, but not limited to job denial, loss of income, wasted time, financial insecurity, and emotional distress, including but not limited to, humiliation, embarrassment, stress, frustration, and mental anguish.

55. Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

56. Alternatively, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1781o.

57. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## CAUSE OF ACTION

### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e

58. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

59. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. § 1581e(b) (emphasis added).

60. Checkr violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

61. Specifically, Checkr willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting criminal records regarding Plaintiff that had previously been expunged.

62. Checkr's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

63. Checkr is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

64. As a result of Checkr's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

i. Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii. Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding any other such relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: March 6, 2023

/s/ Rashad Blossom
Rashad Blossom (State Bar No. 45621) Blossom Law PLLC
301 S. McDowell, Suite 1103
Charlotte, NC 28204
Telephone: (704) 256-7766
Facsimile: (704) 486-5952
rblossom@blossomlaw.com

Yitzchak Zelman, Esq.*
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
yzelman@marcuszelman.com

*Application for admission pro hac vice
 or Notice of Special Appearance forthcoming*
